# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**December 10, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **M.A.-1 and B.A.**

**No. 20-0443** (Raleigh County 19-JA-220-B and 19-JA-221-B)

## MEMORANDUM DECISION

Petitioner Mother M.A.-2, by counsel Gavin G. Ward, appeals the Circuit Court of Raleigh County's March 20, 2020, order terminating her parental rights to M.A.-1 and B.A.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S. L. Evans, filed a response in support of the circuit court's order. The guardian ad litem, Vickie L. Hylton, filed a response on the children's behalf in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in failing to rule on her motion for a post-adjudicatory improvement period and in terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2019, the DHHR filed a child abuse and neglect petition alleging that petitioner abused controlled substances, which negatively affected her ability to parent the children. The DHHR also alleged that then three-month-old M.A.-1 was left in the care of a third party, who cared for the child and supplied all of her necessities during a two-week period in August of 2019. The caregiver alleged that the parents did not attempt to contact her during that two-week period and that M.A.-1 suffered from an untreated hematoma that required surgery, but petitioner failed to seek treatment for the child. The DHHR further alleged that, upon contact with petitioner at her home, she attempted to flee on foot with one-year-old B.A. The DHHR alleged

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990). Additionally, as petitioner and one of the children share the same initials, we refer to them as M.A.-2 and M.A.-1, respectively, throughout this memorandum decision.

1

that the home had no power or water, the floor and ceiling had collapsed in some areas, and drug paraphernalia was found within reach of B.A. Petitioner waived her preliminary hearing, and the circuit court ordered that she participate in random drug screening.

In October of 2019, the circuit court held an adjudicatory hearing. Petitioner failed to appear but was represented by counsel. The DHHR presented evidence consistent with the allegations in the petition, including photographs of petitioner's home at the time B.A. was removed. Petitioner presented no evidence. The circuit court adjudicated petitioner as an abusing parent. The circuit court ordered petitioner to continue to participate in random drug screening and to submit to a psychological evaluation. Thereafter, petitioner moved for a post-adjudicatory improvement period.

The circuit court held a dispositional hearing in December of 2019, wherein petitioner appeared. Petitioner testified that she would fully participate in the terms of a post-adjudicatory improvement period. Yet, she acknowledged that she had not participated in random drug screening, with one exception in October of 2019. That test indicated petitioner was positive for methamphetamine, amphetamine, and marijuana. Petitioner missed seven other drug screening appointments. Petitioner explained that she relapsed in October of 2019, and she generally ceased her controlled substance use immediately after the children were removed from her care in September of 2019. Petitioner further testified that she had an opportunity to enter into an inpatient substance abuse program, but decided she did not require substance abuse treatment. The parties noted that petitioner had yet to receive her psychological evaluation and agreed to defer a ruling on her motion for a post-adjudicatory improvement period until that evaluation was completed. The circuit court continued the dispositional hearing.

The circuit court held the final dispositional hearing in March of 2020. Petitioner did not appear but was represented by counsel. The DHHR presented evidence that petitioner failed to appear for her January of 2020 psychological evaluation. Further, petitioner failed to participate in random drug screening since the prior hearing, missing a total of twenty-one required drug screens, with the exception of one in December of 2019, at which she tested positive for amphetamine, methamphetamine, morphine, acetylmorphine, and norfentanyl. Petitioner offered no evidence in response. Thereafter, the DHHR moved for the termination of petitioner's parental rights, which the circuit court granted. The circuit court memorialized its decision by its March 20, 2020, order. Petitioner now appeals that order.[2]

The Court has previously held:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there

_____

[2]The father's parental rights were terminated at a later proceeding. According to the parties, the permanency plan for the children is adoption in their current placement.

2

is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred by failing to rule on her motion for a post-adjudicatory improvement period. Further, petitioner argues that the circuit court erred in terminating her parental rights without first granting her an improvement period or imposing a less restrictive dispositional alternative. Petitioner asserts that she testified she would fully participate in an improvement period and, because that opportunity was never granted to her, the circuit court erred in finding that there was no reasonable likelihood that the conditions of neglect and abuse could be substantially corrected in the near future. She avers that the most appropriate dispositional alternative was the granting of an improvement period to "determine whether or not she would have complied with services." Upon our review of the record, we find petitioner is entitled to no relief on appeal.

West Virginia Code § 49-4-604(c)(6) provides that a circuit court may terminate a parent's parental rights upon finding that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination of parental rights is necessary for the welfare of the children. Pursuant to West Virginia Code § 49-4-604(d)(2), a circuit court may determine that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected when "the abusing parent or parents have willfully refused or are presently unwilling to cooperate in the development of a reasonable family case plan designed to lead to the child's return to their care, custody and control."

Here, the record supports the circuit court's finding that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected in the near future. Despite petitioner's testimony that she could comply with services, she demonstrated an inability to do so. She failed to participate in random drug screening, missing more than twenty-five opportunities throughout the proceedings. Further, even though her post-adjudicatory improvement period was delayed for the completion of a psychological evaluation, petitioner failed to attend that evaluation. Finally, petitioner clearly failed to remedy her substance abuse as every drug screen she participated in was positive for an array of controlled substances. Petitioner offered no evidence in contradiction to the circuit court's finding.

Critically, this Court has held that

"[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be

substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Thus, the circuit court's finding that there was no reasonable likelihood that the conditions of neglect and abuse could be substantially corrected in the near future foreclosed the dispositional alternatives that petitioner argues were most appropriate. In making this finding, the circuit court denied petitioner's motion for an improvement period, as well as all other dispositional alternatives. Moreover, we find petitioner's argument that she should have been granted an improvement period to "determine whether or not she would comply with services" to be completely unpersuasive. This Court has held that

> "[c]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980).

*Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, syl. pt. 4. In light of petitioner's failure to comply with services prior to the final dispositional hearing, the circuit court was not bound to speculate on her future participation at the children's expense. Accordingly, the circuit court did not err in terminating petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 20, 2020, order is hereby affirmed.

Affirmed.

**ISSUED**: December 10, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

4